UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TYRONE HURT,                                                                                       Plaintiff,

v.                                                                          Civil Action No. 3:16-cv-589-DJH

ALL JOURNALISTS OF RADIO, TV, ETC.,                                                Defendants.

\* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Tyrone Hurt filed the instant *pro se* action proceeding *in forma pauperis*. This matter is now before the Court on initial review of the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Upon initial screening of the complaint, the instant action will be dismissed for the reasons that follow.

### I.

Plaintiff filed the complaint on his own paper. Plaintiff lists his address as located in Washington, DC. He sues "All journalists of Radio, T.V., etc., within the United States of America and North America." Plaintiff seems to indicate that he is bringing the action under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971), for violations of the First and Eighth Amendments of the United States Constitution.

The complaint is mostly illegible and incoherent. However, the legible part of Plaintiff's complaint states as follows: "Muhammad Ali, prize-fighter . . . "white," T.V., journalists, intelligently . . . bias Mr. Muhammad Ali . . . sickly . . . which said illness was curable, . . . prejudice statements on nationwide T.V. that Mr. Muhammad Ali . . . he was good-looking . . . "white" T.V. journalists . . . racist, prejudice statements . . . racism . . . in violation of the U.S.

Constitution." Attached to the complaint are the first two pages of an article in a national magazine about Muhammad Ali's life and death.

## II.

The Court must dismiss a case at any time if it determines that an action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The Court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In this case, the complaint contains conclusory allegations of constitutional violations, which the Court is not required to accept, s*ee Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) ("[T]he district court need not accept a 'bare assertion of legal conclusions.'") (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)), and Plaintiff does not allege that he himself was subjected to a constitutional violation. In addition, the complaint contains no factual assertions to support any legal theories upon which a valid federal claim may rest, and the allegations are baseless.

The Court also notes that this is the second action that Plaintiff has filed in the Western District of Kentucky within the last year which does not identify specific Defendants located in the Western District of Kentucky, describe events occurring in the Western District of Kentucky, or provide any reason for filing the action in this Court. *See Hurt v. National Museum of African American History and Culture et al.*, No. 3:16-cv-59-DJH. Thus, this action, like the former, is also subject to dismissal for improper venue. *See* 28 U.S.C. § 1406(a).

In addition, a review of the federal judiciary's online database, Public Access to Court Electronic Records ("PACER"), shows that Plaintiff has filed hundreds of cases in federal courts across the country. *See Hurt v. Encinia*, No. H-15-2602, 2015 U.S. Dist. LEXIS 147815, at *6 (S.D. Tex. Oct. 30, 2015) ("A national litigation index reveals that since 1985, Hurt has filed at least 468 civil actions in federal courts across the country."). Plaintiff has been deemed an abusive and vexatious litigant by numerous other courts. *See, e.g.*, *Hurt v. Social Sec. Admin.*, 544 F.3d 308, 310 (D.C. Cir. 2008) ("[W]e think 'the number, content, frequency, and disposition' of his filings shows an especially abusive pattern . . . . Hurt has brought numerous meritless appeals--suits targeting institutions, people and inanimate objects--while asking for sums of money dwarfing the size of the Federal Government's annual budget."); *Hurt v. Ferguson, Missouri, Cleveland, Ohio, Baltimore, Maryland, All Law Enforcement Officials Within This Nation Et Al, Forty-Seven States To The United States Of America*, No. 1:15-cv-01054-WTL-TAB, 2015 U.S. Dist. LEXIS 89669, at *4 (S.D. Ind. July 10, 2015) ("Mr. Hurt's abusive patterns must come to an end. Mr. Hurt's cases represent countless hours of judicial time that could be spent on cases which state viable claims."); *Hurt v. Lanier*, No. 1:14-cv-484-GZS, 2014 U.S. Dist. LEXIS 163201, at *4 (D. Me. Nov. 19, 2014) ("Taking judicial notice of the other actions Plaintiff has recently filed with this Court as well as his filing history in other districts, there is ample evidence that Hurt is an abusive and vexatious litigant.").

Based on the above, the Court will dismiss this action as frivolous. The Court also **WARNS** this vexatious litigant that the Court may impose sanctions against him if he files further actions in this Court that are baseless and/or have no connection to it.

## III.

A separate Order dismissing the action will be entered consistent with this Memorandum Opinion.

Date: October 19, 2016

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
4415.011